1  Matthew P. Minser, Esq. (SBN 296344)
   Tino X. Do, Esq. (SBN 221346)
2  SALTZMAN & JOHNSON LAW CORPORATION
3  1141 Harbor Bay Parkway, Suite 100
   Alameda, California 94502
4  Telephone: (510) 906-4710
   Email: mminser@sjlawcorp.com
5  Email: tdo@sjlawcorp.com

6  Attorneys for Plaintiffs, Operating Engineers
7  Health and Welfare Trust Fund for Northern California, et al.

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  OPERATING ENGINEERS' HEALTH AND        Case No. 4:21-cv-05984-HSG
    WELFARE TRUST FUND FOR NORTHERN
12  CALIFORNIA, et al.,                    **JUDGMENT PURSUANT TO
                                           STIPULATION**
13                     Plaintiffs,

14       v.

15

16  ELITE DIESEL SERVICE, INC., a Wyoming
    Corporation,
17
                       Defendants.
18

19        IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties

20  hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers'

21  Health and Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against

22  Defendant Elite Diesel Service, Inc. a Wyoming Corporation, as follows:

23        1.      Defendant Elite Diesel Service, Inc. is signatory to and bound by the terms of a

24  Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Operating Engineers Local 3

25  Union ("Union"). The Bargaining Agreement(s) is/are still in full force and effect.

26        2.      Troy E. Lake, as the President of Elite Diesel Service, Inc. and Holly R. Lake, as

27  Treasurer of Elite Diesel Service, Inc confirm that they are authorized to enter into this Stipulation on

28

JUDGMENT PURSUANT TO STIPULATION
Case No.: 4:21-cv-05984-HSG

behalf of Defendant Elite Diesel Service, Inc..

3. Troy E. Lake and Holly R. Lake also confirm that they are personally guaranteeing the amounts due herein and confirm that they shall be added to the above entitled action as Defendants. Defendant Elite Diesel Service, Inc. and Defendants/Guarantors Troy E. Lake and Holly R. Lake (hereinafter collectively "Defendants") specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant Elite Diesel Service, Inc. joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantors are officers, owners or possess any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Late Paid Contributions | Unpaid Contributions | Liquidated Damages | Interest (through date paid or 10/12/21) | Subtotals |
|---|---|---|---|---|---|
| 2/2021 | $0.00 | $31,709.76 | $6,341.95 | $1,746.69 | $39,798.40 |
| 3/2021 | $0.00 | $32,469.84 | $6,493.97 | $1,513.00 | $40,476.81 |
| 4/2021 | $0.00 | $40,924.52 | $8,184.90 | $1,569.40 | $50,678.82 |
| 5/2021 | $0.00 | $33,869.43 | $6,773.89 | $1,011.52 | $41,654.84 |
| 6/2021 | $0.00 | $33,283.67 | $6,656.73 | $720.48 | $40,660.88 |
| 7/2021 | $0.00 | $32,665.21 | $6,533.04 | $429.60 | $39,627.85 |
| *Subtotals* | | *$204,922.43* | *$40,984.48* | *$5,934.06* | *$252,897.60* |
| **10% Liquidated Damages on Late-Paid Contributions (6/17, 7/17, 10/17-1/18, 7/18, 12/18, 6/19-8/19, 11/19-1/20, 4/20, 6/20, 9/20-1/21)** | | | | | **$66,474.58** |
| **10% Interest on Late-Paid Contributions (6/17, 7/17, 10/17-1/18, 7/18, 12/18, 6/19-8/19, 11/19-1/20, 4/20, 6/20, 9/20-1/21)** | | | | | **$1,024.22** |
| **Subtotal (Contributions, liquidated damages and interest)** | | | | | **$320,396.40** |
| **Audit (1/1/15 through 12/31/18)** | | Contribution Underpayment | | | $2,572.33 |
| | | 10% Liquidated Damages | | | $257.23 |
| | | 10% Interest (through 1/13/2020) | | | $452.50 |
| | | 10% Additional Interest (1/14/20 through 10/12/21) | | | $417.20 |
| | | Over-reported Pension and Pension Retiree H&W Contributions (Credit) | | | ($1,400.36) |

2

| | |
|---|---|
| **Subtotal (Audit 1/1/15-12/31/18)** | **$2,298.90** |
| Attorneys' Cost (through 9/30/21) | $4,081.50 |
| Attorneys' Fees through 9/30/21) | $918.58 |
| **Subtotal (Attorneys' fees and cost)** | **$5,000.08** |
| **GRAND TOTAL** | **$327,695.38** |

## **REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

5.      **Notice requirements** pursuant to the terms of this Stipulation are as follows:

- <u>Notices to Defendants</u>:  Elite Diesel Service, Inc., Troy E. Lake and Holy R. Lake, 701 Automation Drive., Windsor, CO 80550; email: hollyrae@elitediesel.biz, copy to chris@coloradolawgroup.com

- <u>Notices to Plaintiffs</u>: Tino X. Do, Saltzman & Johnson Law Corporation, 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502; email: tdo@sjlawcorp.com, copy to compliance@sjlawcorp.com

6.      The requirements pursuant to the terms of this Stipulation are as follows:

a)      **Monthly Payments**: Defendants shall conditionally pay the amount of **$219,979.09** representing all of the above amounts, less *conditionally waived* liquidated damages in the amount of **$107,716.29.** Payment shall be made as follows:

i)      Payment in the amount of **$65,000.00** within twenty (20) days of execution of the Stipulation by the Trust Funds.

ii)      Payment in the amount of **$20,000.00** on or before December 31, 2021.

iii)      Payments in the amount of **$6,229.00 per month** shall begin on October 15, 2021[1], and continue on or before the 15th (fifteenth) day of each month thereafter **for a period of twenty-four (24) months**.  Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

iv)      Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

v)      Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on

---

[1] For the first payment only: payment may be submitted on or before October 29, 2021.  All subsequent payments must be submitted on or before the 15th of the month.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

October 13, 2021.

b) **Contributions:** Beginning with contributions due for hours worked by Defendant Elite Diesel Service, Inc.'s employees during the month of September 2021, and for every month thereafter until this Judgment is satisfied, Defendant Elite Diesel Service, Inc. shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s). Defendant Elite Diesel Service, Inc. is required to enroll in Employer Edge, the online platform for reporting and payment of contributions to the Plaintiff Trust Funds and to submit all monthly contribution reports and payments electronically through Employer Edge.

c) **Job Report:** Beginning with the month of September 2021, and for every month thereafter, Defendants shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

d) **Audit:** Should the Trust Funds request an audit of Defendant Elite Diesel Service, Inc.'s payroll records pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested. Defendants must fully comply with the audit by keeping the scheduled appointment for the audit and making all documentation requested by the auditor available for inspection.

i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Tino X. Do at the address provided above within ten days of the date of the demand letter.

ii) In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment in full of the amount requested in the above-described demand letter, plus additional interest, will be immediately due. If revisions are made, payment in full of the revised amount shall be

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

immediately due. Plaintiffs shall send a revised written demand for payment to Defendants. Payment in full shall be delivered to Tino X. Do at the address provided above within ten days of the date of the demand letter.

        iii)    If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

        iv)    Failure by Defendants to fully comply with the audit, and/or submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    e)    **Fees:**  Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

    7.    In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $6,229.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (10/15/21[3]-9/15/23) | Tino X. Do Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, #100 Alameda, CA 94502 |
| **Current contribution reports and payments** | 15th day of each month (beginning 10/15/21, for 9/21 hours) | Electronically, via Employer Edge Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA 94540-3157 Plus copies to: compliance@sjlawcorp.com (subject: "Elite Diesel Service, Inc contribution reports") |

---

[2] If the Stipulation has not been fully satisfied by 9/15/23, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

[3] For the first payment only: payment may be submitted on or before October 29, 2021. All subsequent payments must be submitted on or before the 15th of the month.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Completed job reports** (form attached as Exhibit A to Stipulation)<br><br>**and Certified Payroll** (if requested) | 15th day of each month (beginning 10/15/21, for 9/21 hours) | compliance@sjlawcorp.com (subject: "Elite Diesel Service, Inc")<br>or<br>Tino X. Do<br>Saltzman & Johnson Law Corp.<br>1141 Harbor Bay Parkway, #100<br>Alameda, CA 94502 |

8.     Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9.     If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default **within seven (7) days of the date of the notice from Plaintiffs**. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein. In the event that Defendants default under the terms of this Stipulation and Plaintiffs are required to take action to enforce the terms of this Stipulation, Defendants will not qualify for any future liquidated damages waivers, either conditional or otherwise, Defendants will not qualify for any future liquidated damages waivers, either conditional or otherwise.

10.     Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

11.     A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

12.     The above requirements remain in full force and effect regardless of whether or not Defendant Elite Diesel Service, Inc. has ongoing work, whether Defendant Elite Diesel Service, Inc.'s account with the Trust Funds is active, or whether Defendant Elite Diesel Service, Inc. is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant Elite Diesel Service, Inc. has no work to report during a given month, Defendants shall submit the job report form (*Exhibit A*, attached hereto) indicating that there are no current jobs. If Defendants are required to contribute and have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."

13.     Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

14.     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants' default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on September 15, 2023.

15.     The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendant Elite Diesel Service, Inc.'s account is otherwise current. The waiver of liquidated damages is

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

conditional on full compliance with the terms of this Stipulation. Upon full compliance with the terms of this Stipulation, the liquidated damages set forth herein shall be waived in full. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank.

16.     Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

17.     Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

18.      Defendants have represented that it does not intend to file for Bankruptcy protection. In the event that Defendants do file for Bankruptcy protection, Defendants specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants agree to reaffirm this debt, and will not request that the debt be discharged.

19.     Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

20.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

21.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

22.     This Stipulation may be executed in any number of counterparts and by electronic signature, each of which shall be deemed an original and all of which shall constitute the same instrument.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

23.     Defendants represents and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

24.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: October _19_, 2021                    **ELITE DIESEL SERVICE, INC.**

By: _____
Troy E. Lake, President

DATED: October _19_, 2021                    **TROY E LAKE, Individually**

By: _____
Troy E. Lake, Guarantor

DATED: October _19_, 2021          By:  **HOLLY R. LAKE, Individually**

_____
Holly R. Lake, Guarantor

DATED: October ___, 2021                    **OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NOR. CAL., ET AL.**

By:

_____
Sonya Brown
Fringe Benefits Director for Operating Engineers
Local 3 Trust Funds

9

23.     Defendants represents and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

24.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: October __, 2021                    **ELITE DIESEL SERVICE, INC.**

By: _____
    Troy E. Lake, President

DATED: October __, 2021                    **TROY E LAKE, Individually**

By: _____
    Troy E. Lake, Guarantor

DATED: October __, 2021          By:   **HOLLY R. LAKE, Individually**

_____
    Holly R. Lake, Guarantor

DATED: October 21, 2021                    **OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NOR. CAL., ET AL**.

By: _____
    Sonya Brown
    Fringe Benefits Director for Operating Engineers
    Local 3 Trust Funds

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

1  IT IS SO ORDERED.

2  IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain

3  jurisdiction over this matter.

4

5  DATED: 10/25/2021

6  UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the last business day of each month**
by email to compliance@sjlawcorp.com (subject line: *Elite Diesel Service, Inc.*), or
delivered to Saltzman & Johnson, 1141 Harbor Bay Parkway, Ste. 100, Alameda, CA 94502

**Employer: ELITE DIESEL SERVICE, INC.**
**Report for the month of _____, 20__  Submitted by: _____**

| | | |
|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) |
| **Project Address:** | | |
| **General Contractor:** | | |
| **General Contractor Address:** | | |
| **General Contractor Phone #:** | **Project Manager Name:** | |
| **Project Manager Phone #:** | **Project Manager email address:** | |
| **Contract #:** | **Contract Date:** | |
| **Total Contract Value:** | | |
| **Work Start Date:** | **Work Completion Date:** | |
| **Project Bond #:** | **Surety:** | |

| | | |
|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) |
| **Project Address:** | | |
| **General Contractor:** | | |
| **General Contractor Address:** | | |
| **General Contractor Phone #:** | **Project Manager Name:** | |
| **Project Manager Phone #:** | **Project Manager email address:** | |
| **Contract #:** | **Contract Date:** | |
| **Total Contract Value:** | | |
| **Work Start Date:** | **Work Completion Date:** | |
| **Project Bond #:** | **Surety:** | |

***\*\*\*Attach additional sheets as necessary\*\*\****

1

**Exhibit A to JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:21-cv-05984-HSG**